**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**REGIS LEPAUL EVANS,**
**ADC # 107272**                                                                                        **PLAINTIFF**

**V.**                                        **4:10CV01561-WRW**

**MICHAEL MURPHY,** *et al.*                                                       **DEFENDANTS**

**ORDER**

Plaintiff, an Arkansas Department of Correction ("ADC") inmate, filed a pro se

Complaint (docket entry #1) under 42 U.S.C. §1983.  He is proceeding *in forma pauperis*.

For the following reasons, the Plaintiff's Complaint must be dismissed in its entirety.  In

addition, Plaintiff's motion for injunctive relief (#3) is now moot.[1]

**I.     Background:**

Plaintiff alleges that in October 2008, he was falsely imprisoned and wrongly

charged with an offense that he already had been acquitted of.  He also claims that

Conway police Officer Kalz wrongly detained him after a "warrants check" was run,

showing Plaintiff with no outstanding warrants.

Plaintiff names as Defendants: Jack Roberts, former District Court Judge; Michael

Murphy, the City Attorney for Conway, Arkansas; Officer Kalz; the Conway District

---

[1] In his motion for injunctive relief, the Plaintiff asks to be released from custody
immediately.  He explains that he is being detained only as a result of a probation
revocation and that he has been acquitted of the rape charge that formed the sole basis for
the revocation.  A state prisoner challenging a state court conviction in federal court must
file a petition for federal habeas relief, not an action under 42 U.S.C. § 1983.  See 28
U.S.C. § 2254.

Court; the Conway Police Department; and unidentified members of the Conway City Attorney's Office.

## II. <u>Discussion</u>:

### A. Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or federal law. 42 U.S.C. § 1983. Although pro se complaints are construed liberally, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In judging whether the Plaintiff has stated a claim, the Court must decide whether there are enough facts in the complaint "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Although "detailed factual allegations are not required," the complaint must include enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, *supra*). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

B.      Defendant Roberts

Plaintiff names as a Defendant former District Judge Jack Roberts.  Judge Roberts

allegedly signed a warrant for Plaintiff's arrest after he had been acquitted.  Unfortunately

for Plaintiff,  "[j]udges performing judicial functions enjoy absolute immunity from

§1983 liability."  *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  Because Judge

Roberts was acting in his official capacity when he signed what was a facially valid

warrant, he is entitled to absolute immunity from suit.[2]

 C.    Defendant Murphy and John Doe Defendants

Plaintiff also names as Defendants Conway City Attorney Michael Murphy and

John Doe Defendants who work at the Conway City Attorney's Office.  These claims also

fail.

Plaintiff claims that Defendant Murphy presented the duplicative arrest warrant to

Defendant Roberts for signature.  The Eighth Circuit Court of Appeals has held that "a

prosecutor is absolutely immune for appearing before a judicial officer to present

evidence in support of an application for an arrest warrant, insofar as he acts as the state's

advocate in presenting evidence and arguing the law."  *Kohl v. Casson*, 5 F.3d 1141, 1146

(8th Cir. 1993).  In *Kohl*, the Eighth Circuit relied upon *Malley v. Briggs*, 475 U.S. 335,

---

[2]  The Court acknowledges that Plaintiff states that Defendant Roberts recently
died.  Had Plaintiff stated a claim against Defendant Roberts, he would have been
required to substitute the proper party.  See FED. R. CIV. P. 25

106 S.Ct. 1092 (1986), where the United States Supreme Court explained why

prosecutors enjoy immunity.

> [T]he prosecutor's act in seeking an indictment is but the first step in the process of seeking a conviction.  Exposing the prosecutor to liability for the initial phase of his prosecutorial work could interfere with his exercise of independent judgment at every phase of his work, since the prosecutor might come to see later decisions in terms of their effect on his potential liability.  Thus, we shield the prosecutor seeking an indictment because any lesser immunity could impair the performance of a central actor in the judicial process.

*Malley*, 475 U.S. at 342.  Based on settled law, the Plaintiff has failed to state a claim

against Defendant Murphy.

Moreover, Plaintiff's Complaint fails to state how the John Doe Defendants

violated his constitutional rights.  The Plaintiff does not attribute any unconstitutional

conduct to the John Doe Defendants; nor does he state how the John Doe Defendants

caused him any injury.  Even if all allegations against the Doe Defendants are true, the

Plaintiff has failed to state a claim for relief against them under § 1983.  See *Beck v.*

*LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079

(8th Cir. 1999) (prisoner must allege a defendant's personal involvement or responsibility

for constitutional violation to state a claim under 42 U.S.C. § 1983)).

D.   Conway Police Department

Plaintiff also names the Conway Police Department as a Defendant.  A city police

department is not a legal entity subject to suit under § 1983.  See *e.g. Dean v. Barber*, 951

F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not

usually considered legal entities subject to suit" under § 1983).  The Eighth Circuit has

4

held that dismissal of a police department is proper in a §1983 suit because a police department is only a subdivision of the City and, therefore, not an entity that can be sued. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

> E.   Conway District Court

Plaintiff also names the Conway District Court as a Defendant.  The Conway District Court cannot be sued, however, under 42 U.S.C. § 1983.  See *Banargent v. Texas Court of Criminal Appeals*, 2010 WL 2430766 (W.D. Tex. June 15, 2010) (citing *Smithback v. Texas*, 2007 WL 1518971 (N.D. Tex. May 24, 2007)).

> F.   Officer Kalz

Plaintiff complains that Defendant Kalz arrested him and refused to release him after a warrants check was run on Plaintiff, revealing no outstanding warrants for his arrest.  Plaintiff claims that he was unlawfully arrested for the charge of rape without probable cause.

Plaintiff attaches to his motion for injunctive relief the decision in his parole revocation hearing pertaining to the alleged rape charge.  (#3 at pp. 3-4)  The decision of the Arkansas Board of Parole specifically states that Plaintiff "was arrested on a Warrant for Rape on October 13, 2008."  (#3 at p. 3)  Although Plaintiff claims that he was eventually acquitted of this charge, based upon the evidence presented by the  Plaintiff here, he was arrested on a facially valid warrant.  See *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988) ("An arrest executed pursuant to a facially valid warrant generally

does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer.")  Accordingly, Plaintiff's claim against Defendant Kalz fails.

**III.** **<u>Conclusion</u>:**

Plaintiff's Complaint is DISMISSED in its entirety.  The Court certifies that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith. Plaintiff's motion for injunctive relief (Doc. No. 3) is DENIED as moot.

IT IS SO ORDERED this 16th day of November, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE